ADRIAN M. PRUETZ - State Bar No. 118215
apruetz@glaserweil.com
ERICA J. VAN LOON - State Bar No. 227712
evanloon@glaserweil.com
JESSICA WOOD - State Bar No. 269562
jwood@glaserweil.com
KOLLIN J. ZIMMERMANN - State Bar No. 273092
kzimmermann@glaserweil.com
GLASER WEIL FINK JACOBS
  HOWARD AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:   (310) 556-2920

Attorneys for Plaintiff
*SHFL entertainment, Inc.*
(fka *Shuffle Master, Inc.*)

MULCAHY LLP
James M. Mulcahy (SBN 213547)
jmulcahy@mulcahyllp.com
Kevin A Adams (SBN 239171)
kadams@mulcahyllp.com
4 Park Plaza, Suite 1230
Irvine, CA 92614
Telephone: (949) 252-9377
Facsimile: (949) 252-0090

LUTZKER & LUTZKER LLP
Arnold P. Lutzker (DC BAR No. 101816)
Admitted PRO HAC VICE
arnie@lutzker.com
1233 20th Street, DC 20036
Telephone: 202-408-7600 Ext. 1
Facsimile: 202-408-7677

Counsel for Defendant
*Kardwell International, Inc*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

**NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT**

| | |
|---|---|
| SHFL ENTERTAINMENT, INC. (formerly SHUFFLE MASTER, INC.), a Minnesota corporation,<br><br>        Plaintiff,<br><br>v.<br><br>KARDWELL INTERNATIONAL, INC., a New York corporation,<br><br>        Defendant. | CASE NO.:2:12-CV-08271-SVW(RZx)<br><br>Hon. Ralph Zarefsky<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER**<br><br>TRIAL DATE:    October 15, 2013 |

### 1. GOOD CAUSE AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which the Parties (as defined below), in good faith, believe that protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The Parties believe that good cause exists for the entry of this Order because Protected Material (as defined below) constitutes trade-secret or other confidential or proprietary information, the disclosure of which in the context of discovery is likely to have the effect of harming the competitive position of the Designating Party (as defined below) or violating an obligation of confidentiality owed to a third party. Protected Material designated under the terms of this Order shall be used by a Receiving Party (as defined below) solely for this litigation and shall not be used directly or indirectly for any other purpose whatsoever, and its disclosure is prohibited except as expressly provided in this Order.

The Parties acknowledge that this Order does not confer blanket protections with respect to all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

By stipulating to the entry of this Order, the Parties do not acknowledge the propriety of any claim by any Party that any information produced during the course of discovery in this action constitutes Protected Material as defined herein.  The Parties further acknowledge, as set forth in Paragraph 12, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 and the provisions of this Stipulated Protective Order set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**2.    DEFINITIONS**

2.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) including any type of information which the Designating Party believes in good faith is sensitive, confidential, proprietary and/or personal; constitutes, contains, reveals, or reflects trade secrets or other confidential research, development, commercial, proprietary, non-public, data, technical, sales, marketing, personnel, customer, vendor, business, financial, sensitive, or private information that a Producing Party believes in good faith can be disclosed to select employees of a Receiving Party (as described in Paragraph 2.13 below) solely for purposes of this litigation, but which must be protected from dissemination or disclosure to Non-Parties (as described in Paragraph 2.8 below). Such information may include customer lists, sales records, invoices, price lists, planning documents, market surveys, competitive intelligence, test methods, or other documents referring to, reflecting, and/or incorporating the foregoing.  The term "trade secret" shall be defined according to the definition in California Civil Code § 3426.1 as "information, including a formula, pattern, compilation, program, device,

1 method, technique, or process, that: (1) Derives independent economic value, actual
2 or potential, from not being generally known to the public or to other persons who can
3 obtain economic value from its disclosure or use; and (2) Is the subject of efforts that
4 are reasonable under the circumstances to maintain its secrecy." Nothing herein
5 precludes such information from being designated as "HIGHLY CONFIDENTIAL –
6 ATTORNEYS' EYES ONLY" if appropriate.

7      2.3    <u>Outside Counsel of Record</u>: current attorneys of record who are not
8 employees of a party to this action but are retained to represent or advise a party to
9 this action and have appeared in this action on behalf of that party (as well as their
10 support staff).

11      2.4    <u>Designating Party</u>: a Party or Non-Party that designates information or
12 items that it produces in disclosures or in responses to discovery as
13 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
14 ONLY".

15      2.5    <u>Disclosure or Discovery Material</u>: all items or information, regardless of
16 the medium or manner in which it is generated, stored, or maintained (including,
17 among other things, testimony, transcripts, and tangible things), that are produced or
18 generated in disclosures or responses to discovery in this matter.

19      2.6    <u>Expert</u>: a person with specialized knowledge or experience in a matter
20 pertinent to the litigation who has been retained by a Party or its counsel to serve as
21 an expert witness or as a consultant in this action.

22      2.7    <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u>
23 <u>Information or Items</u>: extremely sensitive "Confidential Information or Items" (as
24 defined above), that a Producing Party believes in good faith (a) disclosure of which
25 to another Party or Non-Party would create a very substantial risk of serious harm that
26 could not be avoided by less restrictive means; (b) is required to be kept confidential
27 to protect the privacy interests of an individual; or (c) is subject to an express
28 obligation of confidentiality owed by the Producing Party to a third party. Such

material may include but is not limited to: documents containing extremely sensitive trade secrets, research and competitive intelligence, or other documents referring to, reflecting, and/or incorporating the foregoing; as well as financial information including but not limited to accounting records, revenues, costs, profits, confidential pricing, and overhead; information relating to a party's suppliers, licensees, licensors, distributors or present or prospective customers including but not limited to names, addresses, phone numbers and email addresses not otherwise publicly available; business strategy including but not limited to future business plans; information of an extremely high degree of current commercial sensitivity that may provide a competitive advantage to competitors if disclosed.  The term "trade secret" shall be defined according to the definition in California Civil Code § 3426.1.

2.8   <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9   <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.10   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.11   <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.12   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.13   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3. SCOPE**

3.1 The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

3.2 <u>Good Faith.</u> The Parties recognize that designation of discovery materials as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may burden each of them in terms of discovery and trial preparation, and therefore that designation should only be used where required and must be made in good faith. The Parties have also agreed that as discovery progresses in this action they will confer in an effort to resolve any of their differences regarding each other's designation of information as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

**4. DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with

1  or without prejudice; and (2) final judgment herein after the completion and
2  exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,
3  including the time limits for filing any motions or applications for extension of time
4  pursuant to applicable law; provided however, if the Protected Material loses such
5  status at any time, the Designating Party shall promptly notify the Receiving Party
6  that the restrictions thereon are removed.

**5. DESIGNATING PROTECTED MATERIAL**

5.1  <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material.

(b) <u>for testimony given in proceedings</u>, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, that the transcript or portions thereof be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days after the transcript is received to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days after the transcript is received shall be covered by the provisions of this Stipulated Protective Order. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the

legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". If any items produced in a non-paper medium are printed by the Receiving Party, the Receiving Party must immediately mark each page of the printed version with the confidentiality designation of the media.

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon discovering the inadvertent failure, the Designating Party must promptly notify the Receiving Party in writing of the inadvertent failure to designate and the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. Counsel for a Party may challenge such designation in accordance with the procedures set forth in Rule 37 of the Federal Rules of Civil Procedure and Local Rules 37-1 through 37-4.

The burden of persuasion in any such challenge shall at all times be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to afford the material that is the subject of the challenge the level of protection to which it is entitled under the Designating Party's designation.

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected

Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party and Designating Party must comply with the provisions of this Order.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) representatives of any insurance company that is providing a defense in this action to any Party, including adjustors assigned to the present matter by such insurance company;

(d) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) the court, its personnel and any agreed upon mediator and that mediator's personnel, and jurors;

(f) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

A);

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and agreed to by all Parties, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court;

(h) Such other persons as hereafter may be designated by written stipulation of all parties to this action filed with the Court, or by further Order of the Court on motion by any Party to the action

(i) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may only be shown to those designated in Paragraph 7.2 subsections (a, c, d, e, f, g, h, and i).

**8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If any Party or person that has obtained any Protected Material under the terms of this Order receives a subpoena or other legal process commanding the production of any such documents or information, such Party or person shall promptly notify the Designating Party of the service of the subpoena. The Party or person receiving the subpoena shall not produce any confidential information in response to the subpoena without either the prior written consent of the Designating Party or an order of a court of competent jurisdiction. However, the Designating Party shall have the burden of seeking a court order relieving the subpoenaed party of the obligations of the subpoena.

**9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

    1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

    2. promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    3. make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 7 days of receiving the notice and accompanying information, or, if less than seven (7) calendar days are provided for the production, within one business day after service of the subpoena but in no event after the date for production. the Party receiving documents from a Non-Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Party receiving documents from a Non-Party shall not produce any information in its possession or control that is in dispute before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Party that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

## 12. MISCELLANEOUS

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.

[PROPOSED] STIPULATED PROTECTIVE ORDER
816037

In the event that any motion, pleading or other court document is filed that attaches or refers to the contents of any Protected Material, said motion, pleading or other court document shall be governed by the terms of this Stipulated Protective Order, shall be filed under seal, and shall state on its face that the motion, pleading or other court document is being filed under seal pursuant to the terms of this Stipulated Protective Order.

A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and the provisions of this Order. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

Any depositions, motions, pleadings or other court documents that are to be filed under seal shall be filed in a sealed envelope marked on the outside with the title of the action, an identification of each document within the envelope, and a statement substantially in the following form: "Confidential - Subject to Protective Order Issued by the Court. This envelope [or container] containing the above-identified papers filed by [name of Party] is not to be opened or the contents thereof displayed or revealed except by Court order or by agreement of the Parties." No sealed or confidential record of the Court maintained by the Clerk shall be disclosed except upon written order of the Court.

12.4   <u>Right to Compel Discovery.</u>   This Protective Order and the procedures set forth herein shall not affect the rights of the Parties to move to compel discovery or to object to discovery on any grounds, including on relevancy, trade secret or proprietary business information grounds, nor shall it preclude any Party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure or any other applicable statute, rule or authority.

12.5   No Prejudice.  This Protective Order shall be without prejudice to the right of the Parties (a) to bring before the Court at any time the question of whether any particular document or information constitutes Confidential Information or

Restricted Information, or (b) to present a motion to the Court for a separate or modified protective order as to any particular document or information, including restrictions differing from those as specified herein. This Protective Order does not reflect any stipulation or order that any information designated Confidential Information or Restricted Information is or is not in fact a trade secret. This Protective Order shall not be deemed to prejudice the Parties in any way, in any future application or modification of this Protective Order.

### 13. FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined above in Paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such Protected Material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. The Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Outside Counsel of Record are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Paragraph 4 (DURATION).

IT IS SO ORDERED, with the following caveat:

Notwithstanding anything to the contrary above, this order shall not govern as to materials to be used in connection with dispositive motions or at trial. The good cause standard applicable to pretrial matters no longer applies at that time, and any party seeking protection at that time must satisfy a different standard. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). Accordingly, if any party seeks protection for materials to be used in connection with dispositive motions or at trial, it must apply separately for such protection, to the judicial officer who will preside at such proceedings. A party who anticipates using any such materials must alert the opposing party sufficiently in advance to allow for the application to the presiding judicial officer.

Date: August 01, 2013  _____

Hon. Ralph Zarefsky

United States Magistrate Judge

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SHFL ENTERTAINMENT, INC. (formerly SHUFFLE MASTER, INC.), a Minnesota corporation,<br><br>Plaintiff,<br><br>v.<br><br>KARDWELL INTERNATIONAL, INC., a New York corporation,<br><br>Defendant. | Case No. 2:12-CV-08271-SVW(RZx)<br><br>Judge: Hon. Stephen V. Wilson<br>Magistrate: Hon. Ralph Zarefsky<br><br>**EXHIBIT A: PROTECTIVE ORDER ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND** |

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on [mm/dd/yyyy] in the case of SHFL ENTERTAINMENT, INC. v. KARDWELL INTERNATIONAL, INC. (2:12-CV-08271-SVW(RZx)).

I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name:        _____

Signature:        _____

Glaser Weil Fink Jacobs Howard Avchen & Shapiro LLP